**CBS INC. and RCA/Ariola International, Plaintiffs,**

v.

**CASINO RECORD DISTRIBUTORS OF FLORIDA, INC., Defendant.**

**No. 86–1015–CIV.**

United States District Court,
S.D. Florida.

March 3, 1987.

M. Therese Vento, Eric B. Meyers, Shutts & Bowen, Miami, Fla., for plaintiffs.

William M. Manker, Miami, Fla., for defendant.

## FINAL ORDER

JAMES LAWRENCE KING, Chief Judge.

This cause came on for trial on February 17, 1987, on the issue of damages. The issue of liability had previously been resolved to the extent that the court had found that the defendant had infringed four of the plaintiffs' copyrights. In its order of September 22, 1986, the court stated:

> Casino has infringed [CBS Inc.'s and RCA/Ariola International's] copyrights or exclusive distribution rights by offering for sale, selling and distributing quantities of phonorecords manufactured outside the United States and containing the Copyrighted Recordings, without authorization from plaintiffs, in violation of 17 U.S.C. §§ 106(3) and 602(a).

The records involved were "Ven" and "A Mexico," for which CBS owned the copyrights, and "Emmanuel" and Reflexiones," for which RCA/Ariola owned the copyrights. Mexican-manufactured copies of these records were purchased from the defendant's record store by representatives of the plaintiffs.

Records of foreign manufacture that are imported to and sold in the United States in violation of exclusive distribution rights are referred to as parallel imports. Record company representatives testified that parallel imports present a significant problem and cause great harm to record companies, legitimate record distributors and retailers, and recording artists.

Title 17 § 504(a) provides that a copyright infringer is liable for either the copyright owner's actual damages and any additional profit it gains from the infringement, or for statutory damages, which are defined in § 504(c). Because Casino maintains that it does not keep records of the specific records it purchases and sells, its profits from the sale of infringing records cannot be calculated. Therefore, damages must be awarded pursuant to § 504(c), which provides that in cases involving willful copyright infringement, damages of at least $250 and not more than $50,000 must be awarded for each infringement. *Robert Stigwood Group, Ltd. v. O'Reilly*, 530 F.2d 1096, 1102 (2d Cir.1976). The effect of the statutory damages provision is to ensure that an infringer cannot escape liability by failing to keep records.

The court finds that the four infringements by Casino were willful. Testimony adduced at trial showed:

1) Pedro Alvarez, president and sole stockholder in Casino, received a cease and desist letter dated January 22, 1986, and sent by an attorney for the plaintiffs by

certified mail. Alvarez did not respond to the letter, despite instructions to do so promptly, and he took no other action to ensure that he was not infringing the plaintiffs' copyrights.

2) Alvarez has been in the record industry in various capacities since 1939 in Cuba and the United States, and he has been in the business in the United States for twenty-three years.

3) Alvarez did not keep records of the quantities of the individual titles he bought and sold. A record company representative testified that failing to keep such records is a badge of an infringer.

4) The jackets of each of the infringing records clearly indicated that they were manufactured in Mexico. Moreover, the RCA/Ariola record jackets stated that the records were for sale in Mexico exclusively.

On the basis of these factors, the court concludes that, at the very least, the defendant acted with a reckless disregard for the plaintiffs' rights. This constitutes willfulness for the purposes of 17 U.S.C. § 504(c). *Wow & Flutter Music v. Len's Tom Jones Tavern, Inc.*, 606 F.Supp. 554, 556 (W.D.N.Y.1985); *Lauratex Textile Corp. v. Allton Knitting Mills*, 519 F.Supp. 730, 733 (S.D.N.Y.1981).

In light of the serious nature of the problem parallel imports create, the infringements in this case cannot be taken lightly. Accordingly, upon the court's careful consideration of all of the evidence and arguments presented, and upon reviewing the applicable law, it is hereby

ORDERED AND ADJUDGED that plaintiff CBS Inc. shall take from Casino Record Distributors of Florida, Inc., $3,000 for each infringement of its copyright, for a sum of $6,000.

Further ORDERED AND ADJUDGED that plaintiff RCA/Ariola shall take from defendant Casino Record Distributors of Florida, Inc., $3,000 for each infringement of its copyrights, for a sum of $6,000.

This court reserves jurisdiction to consider the matter of attorney's fees and costs in this cause.